IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| DANIEL MUSACCHIA, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THREE BULLS, INCORPORATED,<br><br>Defendant. | **C/A No.: 1:26-cv-00056**<br><br>**Jury Trial Demanded** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Daniel Musacchia ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Original Complaint—Collective Action ("Complaint") against Defendant Three Bulls Incorporated ("Defendant"), states and alleges as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and retaliation provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and the wage deduction provisions of the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 et seq. (the "NCWHA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of

Defendant's policy and practice of unlawfully taking deductions from employees in violation of the NCWHA and failing to pay proper minimum wages under the FLSA.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Middle District of North Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant is located in and does business in Forsyth County. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

### A. Plaintiff Daniel Musacchia

5. Plaintiff is an individual and resident of Forsyth County.

6. Plaintiff was employed by Defendant as an hourly-paid Server from November of 2023 until March of 2024.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B. Collective Action Members

8. The putative Collective Action Members are all current or former Servers of Defendant who were paid less than the lawful minimum wage from the period three years prior to the filing of this lawsuit through the date of its resolution. Because Defendant did not pay all compensation due to its Servers, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C. <u>Defendant Three Bulls Incorporated</u>**

10. Defendant is a domestic, for-profit corporation

11. Defendant's registered agent for service is John J Pappas, located at 1480 River Ridge Drive, Clemmons, NC 27012.

12. Defendant, in the ordinary course of business, maintains a website at https://www.threebullssteakhouse.com.

## IV. FACTUAL ALLEGATIONS

13. Defendant employs two or more individuals who engage in interstate commerce and business transactions.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 in each of the three years preceding the filing of the Original Complaint.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. Defendant is an "employer" within the meaning set forth in the FLSA and NCWHA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

17. At all relevant times herein, Defendant directly hired Plaintiff and other Servers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

18. Defendant paid Plaintiff and other Servers less than minimum wage per hour for all hours worked. In other words, Defendant takes advantage of the "tip credit" provision of the FLSA pursuant to 29 U.S.C. § 203(m).

19. Defendant did not satisfy the strict requirements under the FLSA that would allow them to pay a tip credit.

20. Defendant maintained a policy and/or practice whereby tipped employees were required to spend a substantial amount of time, more than twenty percent of their working time or for a continuous period of time exceeding thirty minutes, performing non-tip producing side work related to the employees' tipped occupation.

21. The duties that Defendant required tipped employees to perform are duties that are customarily assigned to "back-of-house" employees in other restaurants, who typically receive at least the full applicable minimum wage rate.

22. The side work and dual job tasks that Defendant required tipped employees to perform included but was not limited to: (1) food and drink preparation; (2) table placement and preparation; and (3) cleaning tables and equipment.

23. The side work and dual job duties described above are not specific to particular customers, tables, or sections, but are performed in mass quantities for the entire shift or for future shifts.

24. Defendant's timekeeping system was or should have been capable of tracking multiple job codes for different work assignments.

25. Because Defendant violated the FLSA's tipped employee requirements, Defendant lost the right to take a credit toward its minimum wage obligations.

26. As such, Plaintiff and other similarly situated tipped employees were not compensated at the applicable federal or state minimum wage. Plaintiff's and the putative Collective Action Members' tips have also been misappropriated by Defendant because of their wage violations.

27. On or around March 21, 2024, Defendant sought to deduct $13.20 from Plaintiff's paycheck due to a perceived mistake in entering an order. Plaintiff refused to have this amount deducted from his pay and directed them to N.C.G.S. §95-25.8 regarding the advance notice and authorization required for such a deduction.

28. Plaintiff also discussed with Defendant the fact that, due to Plaintiff's low rate of pay, any deduction from his pay would result in a minimum wage violation.

29. In response to Plaintiff's request that Defendant follow the law with respect to his wage deduction, Plaintiff was suspended from his employment.

30. On or around March 28, 2024, Plaintiff was asked to come to Defendant's premises for a meeting. During the meeting, officers of Defendant informed Plaintiff that they disagreed with the law and that he was terminated from his employment effective immediately.

31. Upon information and belief, Defendant applies the same policy with respect to unlawful wage deductions with Servers at all of its restaurant locations.

32. Defendant knows or should have known that their policies and/or practices violate the FLSA and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out their illegal pattern and/or practice regarding their tipped

employees. Defendant's method of paying Plaintiff and the putative Collective Action Members in violation of the FLSA was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Plaintiffs and the putative Collective Action Members are entitled to a three-year statute of limitations.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. Collective Action Allegations

33. Upon information and belief, putative Collective Action Members have also been denied pay at the applicable federal minimum wage rate. These employees are/were subject to the same illegal pay practices described above with respect to minimum wages.

34. Defendant takes a tip credit against their minimum wage obligations for Plaintiff and all of their tipped employees. This pay practice applies to all of their restaurant locations.

35. The putative Collective Action Members perform or have performed the same or similar work as Plaintiff.

36. The putative Collective Action Members are not exempt from receiving pay at the applicable federal, state, or local minimum wage rate under the FLSA or applicable state or local minimum wage laws and/or regulations.

37. As such, the putative Collective Action Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage.

38. As such, Plaintiff seek to bring claims under the FLSA pursuant to 29 U.S.C. § 216(b) on behalf of a collective preliminarily defined as:

**All current or former Servers of Defendant who were paid less than the lawful minimum wage from the period three years prior to the filing of this lawsuit through the date of its resolution.**

39. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

## VI. FIRST CAUSE OF ACTION
## (Minimum Wages Under the FLSA)

43. Plaintiff, on behalf of himself and the putative Collective Action Members, allege and incorporate by reference all allegations in the preceding paragraphs.

44. Defendant has engaged in a widespread pattern, policy, and/or practice of violating the FLSA, as detailed in this Complaint.

45. At all relevant times, Defendant has been and continues to be, an employer engaged in commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed "employees" including Plaintiff and the putative Collective Action Members.

46. Defendant was required to pay directly to Plaintiff and the putative Collective Action Members the applicable federal, state, or local minimum wage rates for all hours worked.

47. Defendant failed to pay Plaintiff and the putative Collective Action Members the minimum wages to which they are/were entitled under the FLSA.

48. Defendant required Plaintiff and the putative Collective Action Members to perform a substantial amount of dual job duties and side work for substantial periods of time exceeding thirty minutes. During these periods, Defendant compensated Plaintiff and

the putative Collective Action Members at sub-minimum wage rates rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201-219.

49. Upon information and belief, all Servers of Defendant were subject to a uniform policy of having the cost of perceived mistakes deducted from their wages.

50. Upon information and belief, other Servers were paid below the minimum wage such that any deduction from pay caused a violation of the minimum wage requirements of the FLSA.

51. Defendant's unlawful conduct, as described in this Complaint, was willful and intentional. Defendant is/was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the putative Collective Action Members.

52. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies. *See* 29 U.S.C. § 255(a).

53. As the result of Defendant's willful violations of the FLSA, Plaintiff and the putative Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, post-judgment interest, attorney's fees, costs, and all other damages permitted under the FLSA.

## VII. SECOND CLAIM FOR RELIEF
**(Individual Claim for Retaliation)**

54. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated into this section.

55. Plaintiff brings this claim for retaliation under the retaliation provision of the FLSA, namely 28 U.S.C. § 215(a)(3).

56. Defendant terminated Plaintiff in violation of the FLSA's retaliation provision.

57. Plaintiff is entitled to compensatory damages, punitive damages, and attorneys' fees and costs, in accordance with 28 U.S.C. § 215(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands the following relief:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid minimum wages due to Plaintiffs and all others similarly situated and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff and all others similarly situated;

b. An Order pursuant to 29 U.S.C. § 216(d) finding the Defendant liable for lost wages and liquidated damages resulting from Defendant's unlawful termination of Plaintiff;

c. An Order awarding the costs of this action;

d. An Order awarding reasonable attorneys' fees;

e. A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA;

f. An Order awarding prejudgment and post-judgment interest at the highest rates allowed by law; and

g. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Jacob J. Modla*
Jacob J. Modla, NC Bar #17534
Cromer Babb and Porter, LLC
1418 Laurel Street, Suite A (29201)
PO Box 11675
Columbia, SC 29211
T: 803-799-9530
E: jake@cromerbabb.com

***ATTORNEY FOR PLAINTIFF***

January 15, 2026

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jacob J. Modla*
Jacob J. Modla, NC Bar #17534

January 15, 2026